IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| DREAMSTYLE REMODELING, INC., a New Mexico Corporation, DREAMSTYLE REMODELING LLC a Delaware Limited Liability Company, DREAMSTYLE REMODELING OF SAN DIEGO, INC., a California corporation, DREAMSTYLE REMODELING OF CALIFORNIA LLC, a Delaware Limited Liability Company, and DREAMSTYLE REMODELING OF IDAHO, LLC, an Idaho Limited Liability Company,<br><br>        Plaintiffs,<br><br>        v.<br><br>RENEWAL BY ANDERSEN LLC, a Minnesota limited liability company; ANDERSEN CORPORATION, a Minnesota corporation,<br><br>        Defendants. | Case No. 1:22-cv-00127 KK-JFR |

## DEFENDANTS' MOTION TO DISMISS CLAIMS FOR DECLARATORY RELIEF OR STAY PENDING ARBITRATION

A judge in this district has already determined that disputes between these parties, including disputes over whether issues are arbitrable, must be decided in arbitration. *Dreamstyle Remodeling, Inc. et al. v. Renewal by Andersen LLC, et al.*, Case No. 1:19-cv-01086-KG-JFR (April 29, 2020 Order). Plaintiffs have nevertheless returned again to this Court, this time attempting to obtain a declaratory judgment of contractual rights to use against Defendants. The Court plainly cannot grant the requested declaratory relief, which could only be obtained in arbitration.

The relief Plaintiffs seek is not only unavailable, it also is inappropriate. Plaintiffs explicitly *tried* to get the arbitration panel to order the relief that they now seek, but they did not succeed. The court should not and cannot go beyond its jurisdiction to provide what the arbitration panel would not.

Defendants move for dismissal of Plaintiffs' claims for declaratory relief, or alternatively for the claims to be stayed pending arbitration.

## FACTUAL BACKGROUND

This matter arises from a Final Award issued by an arbitration panel dated February 21, 2022. (Declaration of Aaron Scott ("Scott Decl.") Ex. 1.) On the same day the Final Award was issued, Plaintiffs commenced this action by filing a Verified Complaint ("Complaint") seeking: (1) confirmation of the Final Award[1]; (2) entry of judgment on the Final Award; and (3) declaratory relief expanding upon and construing the Final Award. (Doc. 1.) Specifically, in the Complaint Plaintiffs ask the Court to award the following expanded relief that is outside the scope of the Final Award issued by the arbitration panel: (1) "Declare all five of the Retailer Agreements to have been terminated by renewal [sic] effective no later than May 8, 2018" and; (2) "Declare that all future obligations of the parties, if any, to have been [sic] terminated in all respects effective February 21, 2022." (Complaint at 8.)

Plaintiffs seek this relief because they want to be released from complying with the terms of the Retailer Agreements between the parties and avoid liability for ongoing breaches. This is relief Plaintiffs tried *and failed* to obtain in the arbitration. Plaintiffs explicitly asked the

---

[1] Defendants do not dispute that the Final Award should be confirmed (without the entry of monetary judgment because all amounts due have been paid) and have separately moved for a confirmation order that does not include the inappropriate declaratory relief sought by Plaintiffs.

2

arbitration panel, "As part of the Final Award, Dreamstyle . . . requests that the Panel include language TERMINATING the Retailer Agreements in ALL RESPECTS, including any future service reimbursement or other obligations in all respects with an effective date of May 8, 2018." (Scott Dec. Ex. 1-C.)  The arbitration panel did not include the relief Plaintiffs requested in the Final Award.  (Scott Decl. Ex. 1-B.)

This is Plaintiffs' second attempt to obtain relief against Defendants in this district.  In 2020, Plaintiffs commenced the previous action, asserting numerous causes of action.  Case No. 1:19-cv-01086-KG-JFR.  In an April 29, 2020 order, Judge Gonzalez stayed that action pending arbitration, noting the comprehensive arbitration provision in Section 27 of the parties' Retailer Agreements, which requires arbitration of "any dispute, controversy, claim or cause of action between you and us arising out of or relating to this Agreement, including the termination thereof . . . or the rights or obligations of the parties."  (Scott Decl. Ex. 1-A , Apr. 29, 2020 Order at 4,)  Although Plaintiffs argued that the Retailer Agreements were invalid and that arbitration was not required, Judge Gonzalez concluded that "the parties agreed to arbitrate the issue of whether the Retailer Agreements are arbitrable."  (*Id.* April 29, 2020 Order at 9.)

Plaintiffs have now commenced a second case in this district, asking again for a judge to issue relief that could only be granted in arbitration.

## ARGUMENT

### I. THE COURT SHOULD EXERCISE ITS DISCRETION TO DECLINE JURISDICTION OVER THE DECLARATORY JUDGMENT CLAIMS.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "gave federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v, Rickover*, 369 U.S. 111, 112 (1962).  Even assuming a justiciable controversy exists regarding the subjects of the requested declarations, "[w]hether to entertain a justiciable declaratory

judgment action is a matter committed to the sound discretion of the trial court." *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945)).  In deciding whether to exercise discretionary jurisdiction over declaratory judgment claims, courts in the Tenth Circuit have regularly considered whether the requested judgment would "clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." *Id.* at 1275.

Here, the requested relief is wholly unavailable, contrary to the arbitration panel's Final Award and in direct conflict with Judge Gonzalez's 2020 Order.  Judge Gonzalez has previously recognized that the parties signed a comprehensive arbitration agreement and that the disputes between the parties must be arbitrated, including disputes over whether arbitration is required.  Case No. 1:19-cv-01086-KG-JFR (Ex. 1-A, April 29, 2020 Order at 4, 9).  Only an arbitration panel, not a court, can make substantive decisions about the contractual rights of the parties.  The Court should therefore decline jurisdiction over Plaintiffs' declaratory judgment claims and dismiss them pursuant to Fed. R. Civ. P. 12(b)(1).

## II. ALTERNATIVELY, THE COURT SHOULD STAY THE DECLARATORY RELIEF CLAIMS PENDING ANOTHER ARBITRATION.

The first time that Plaintiffs appeared in this district attempting to obtain relief against Defendants, Judge Gonzalez stayed the action pending arbitration, Case No. 1:19-cv-01086-KG-JFR (Ex. 1-A, April 29, 2020 Order), and was correct to do so.  Arbitration is a matter of contract, and courts must enforce arbitration agreements in accordance with their terms.  *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1280 (10th Cir. 2017); *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010).

Plaintiffs' position is that the Retailer Agreements are unenforceable and the obligation to arbitrate does not exist, but that was the same thing Plaintiffs argued in 2020, when Judge

Gonzalez concluded that "the parties agreed to arbitrate the issue of whether the Retailer Agreements are arbitrable." (Ex. 1-A, April 29, 2020 Order at 9.)

What Plaintiffs are now attempting is to sidestep the established and ongoing obligation to arbitrate by seeking declaratory relief in the guise of a confirmation proceeding. This effort cannot succeed because Plaintiffs could only obtain a declaratory judgment that the Retailer Agreements have ceased to be enforceable in arbitration.

Even if the Court elected not to decline jurisdiction and dismiss the declaratory judgment claims outright, the only appropriate alternative would be to stay those claims pending another arbitration.

### III. THE ARBITRATION PANEL CHOSE NOT TO GRANT THE RELIEF PLAINTIFFS SEEK AND THE COURT SHOULD NOT DO SO.

Plaintiffs already tried and failed to convince the arbitration panel to issue the requested declaratory relief, asking the panel to "include language TERMINATING the Retailer Agreements in ALL RESPECTS, including any future service reimbursement or other obligations in all respects with an effective date of May 8, 2018." (Ex. 1-C.) The panel did not grant Plaintiffs' request, and this relief was not included in the Final Award.

The Complaint makes a second attempt to obtain the relief Plaintiffs could not get from the arbitration panel, asking the Court to "[d]eclare that all future obligations of the parties, if any, to have been [sic] terminated in all respects effective February 21, 2022 – the date of the Final Award." (Complaint at 8.) Nothing in the Final Award or Interim Award addresses future obligations of the parties. Indeed, the word "future" appears in the orders only once, in a quotation from language of the Retailer Agreements.

The Complaint additionally asks the Court to "[d]eclare all five of the Retailer Agreements to have been terminated by renewal [sic] effective no later than May 8, 2018."

5

(Complaint at 8.) The Complaint cites to page 9 of the Interim Award, evidently intending to convey that the arbitration panel already decided this issue in Plaintiffs' favor. The language of that page of the Interim Award does not, however, state that the Retailer Agreements were terminated and of no legal effect as of the referenced date, but instead contains language regarding the termination of Plaintiffs' *status as retailers* under those agreements.

If the relief that Plaintiffs now seek was appropriate, it would have been granted in the arbitration. The Court has no jurisdiction to—or any reason to—wade in and make substantive determinations of the parties' rights that are inconsistent with the Final Award of the arbitration panel.

## **CONCLUSION**

Confirmation of the Final Award can and should be a simple, summary proceeding as contemplated by the Federal Arbitration Act and as requested in the Motion to Confirm Arbitration Award simultaneously filed by Defendants. Plaintiffs' claims seeking substantive declaratory relief expanding upon scope of the Final Award must be dismissed or stayed pending arbitration. A proposed order is attached as Ex. 2.

             Respectfully submitted,

             PEIFER, HANSON, MULLINS & BAKER, P.A.


             By: */s/ Elizabeth K. Radosevich*
             Elizabeth K. Radosevich
             Post Office Box 25245
             Albuquerque, NM 87125-0245
             (505) 247-4800
             eradosevich@peiferlaw.com


  and

Aaron Mills Scott
FOX ROTHSCHILD LLP
Aaron Mills Scott
(*pro hac vice* to be submitted)
222 South Ninth Street
Suite 2000
Minneapolis, MN  55402
(612) 607-7000
ascott@foxrothschild.com

*Attorneys for Defendants*
*RENEWAL BY ANDERSEN LLC*
*And Andersen Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2022, the foregoing Defendants' Motion to Dismiss Claims for Declaratory Relief or Stay Pending Arbitration was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Guy W. Bluff, Esq.
Bluff & Associates
5520 Midway Park Pl NE
Albuquerque, NM  87109
gbluff@dreamstyleUS.com


PEIFER, HANSON, MULLINS & BAKER, P.A.

By: */s/ Elizabeth K. Radosevich*

     Elizabeth K. Radosevich