IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| DREAMSTYLE REMODELING, INC., a New Mexico Corporation, DREAMSTYLE REMODELING LLC a Delaware Limited Liability Company, DREAMSTYLE REMODELING OF SAN DIEGO, INC., a California corporation, DREAMSTYLE REMODELING OF CALIFORNIA LLC, a Delaware Limited Liability Company, and DREAMSTYLE REMODELING OF IDAHO, LLC, an Idaho Limited Liability Company, | Case No. 1:22-cv-00127 KK-JFR |
|       Plaintiffs, | |
|   v. | |
| RENEWAL BY ANDERSEN LLC, a Minnesota limited liability company; ANDERSEN CORPORATION, a Minnesota corporation, | |
|       Defendants. | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS FOR DECLARATORY RELIEF OR STAY PENDING ARBITRATION

The first time that the Plaintiffs appeared in this district seeking relief against Defendants, Judge Gonzalez ordered their claims stayed because of the mandatory arbitration clause in the parties' contracts. Now, after trying and failing to obtain declaratory relief against Defendants in arbitration, Plaintiffs have returned to this district again, attempting to obtain those declaratory judgments from this Court.

1

The Court cannot engage in the exercise that Plaintiffs request of wading into the facts of the arbitration and ordering a substantive expansion of the arbitration panel's Final Award. Instead, the Court must either exercise its discretion to decline to consider the declaratory judgment claims brought by Plaintiffs or order those claims stayed pending arbitration.

I.  **DISPUTES BETWEEN THESE PARTIES MUST BE RESOLVED IN ARBITRATION.**

Judge Gonzalez previously recognized the comprehensive arbitration provision in the Retailer Agreements between these parties, which requires arbitration of "any dispute, controversy, claim or cause of action between you and us arising out of or relating to this Agreement, including the termination thereof . . . or the rights or obligations of the parties." (Case No. 1:19-cv-01086-KG-JFR, Apr. 29, 2020 Order at 4, Scott Decl. Ex. A.) Judge Gonzalez ordered Plaintiffs' claims against Defendants stayed pending arbitration. Plaintiffs' present attempt to obtain disputed declaratory relief against Defendants in this Court runs directly contrary to Judge Gonzalez's Order.

In filing their Complaint, Plaintiffs hope to expand the relief they obtained in the arbitrators' Final Award by seeking declarations that the arbitration panel chose not to include or award. Plaintiffs make no real attempt to explain how the Court would have the authority to order substantive relief in Plaintiffs' favor in light of the arbitration clause in the agreements they entered into and the previous order of Judge Gonzalez. Instead, Plaintiffs offer little more than the assertion that "there is no reason to" return to arbitration. (Doc. 10 at 10.)

While Plaintiffs hope to ignore Judge Gonzalez's order and the contractual obligation to arbitrate, the Court cannot do so.

## II. THIS COURT CAN AND SHOULD DECLINE TO CONSIDER THE DECLARATORY JUDGMENT CLAIMS.

It is an established legal principle—one that Plaintiffs largely ignore—that "[w]hether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court." *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945)). That means that even assuming a justiciable controversy exists between these parties, the Court would be entirely within its discretion to decline to consider the claims for declaratory relief Plaintiffs have pleaded. Declining consideration would be proper given that Plaintiffs are asking the Court to grant relief in violation of the previous order of Judge Gonzalez in order to establish, among other things, a legal defense to hypothetical future claims.

## III. IF PLAINTIFFS WISH TO OBTAIN DECLARATORY RELIEF, THEY CAN SEEK IT IN ARBITRATION.

As an alternative to dismissing Plaintiffs' claims for declaratory relief, the Court can choose to do exactly what Judge Gonzalez did in 2020—stay Plaintiffs' claims pending arbitration. (Case No. 1:19-cv-01086-KG-JFR, Apr. 29, 2020 Order at 4, Scott Decl. Ex. A.) If Plaintiffs wish to obtain declarations that all obligations under the parties' contracts have ended or that Plaintiffs are now immune from claims of breaches post-dating the close of the record of the arbitration, such declarations could only be issued in arbitration.

Seeking to present its claims as permitted by law, Plaintiffs cite a single case, but mischaracterize that decision. *Dodson Int'l Parts v. Williams Int'l Co.*, 12 F.4th 1212, 1229-30 (10th Cir. 2021) actually contradicts Plaintiffs' position. In *Dodson*, the district court entered the kind of order that Defendants seek—confirmation of the arbitration award without expansion or modification through additional declaratory judgments. On appeal, an aggrieved party argued that the arbitration panel erred by failing to recognize ownership rights in certain property and that the district court therefore erred in "ordering such relief." *Id.* at 1229. The Tenth Circuit rejected that argument and called it "confusing" because the district court had simply ordered that "the Award is confirmed." *Id.* While Plaintiffs characterize *Dodson* as "rejecting a similar argument that a confirmation request sought relief beyond the scope of an arbitration award," the decision actually reflects the Tenth Circuit's affirmation of a confirmation order that did *not* include alteration of or addition to the arbitration award.

This Court has no more authority to make substantive determinations of the parties' rights than did Judge Gonzalez in 2020. His order correctly stayed Plaintiffs' previous litigation pending arbitration and the same result is warranted here. Notably, staying Plaintiffs' declaratory judgment claims need not delay confirmation of the Final Award, a fact that Plaintiffs attempt to obscure through wholly inaccurate arguments. According to Plaintiffs' briefing, Defendant Renewal by Andersen LLC ("RbA") "seeks to stay these confirmation proceedings such that it can start anew with its alleged Service Reimbursement Claims." (Doc. 12 at 7.) This assertion is wrong in two respects. First, Defendants do *not* seek to delay confirmation of the Final Award—indeed they have moved

for confirmation and it is Plaintiffs who are opposing the request. There is no reason to delay confirmation just because Plaintiffs are additionally seeking unavailable declaratory judgments. Second, Defendants are not seeking a stay of proceedings so that they "can start anew" with new claims. They are seeking to stay Plaintiffs' declaratory judgment claims because those claims cannot proceed in district court under the parties' arbitration agreement, just as Judge Gonzalez decided in 2020.

IV. **PLAINTIFFS' ARGUMENTS REGARDING *RES JUDICATA* ARE INACCURATE AND PROVIDE NO BASIS FOR ALLOWING COURT LITIGATION.**

Plaintiffs argue at some length that what they are doing is proper because they are merely asserting a *res judicata* defense to liability. (Doc. 12 at 7-8.) Plaintiffs are wrong in two respects. First, Plaintiffs are *not* asserting a *res judicata* defense, but instead seeking affirmative declaratory judgments in their favor. Second, even if Plaintiffs were asserting a *res judicata* defense, the proper forum to do so would be in arbitration.

If at some point Defendants were to assert a claim against Plaintiffs for breach of contract, then it can be expected that Plaintiffs would advance the (unmeritorious) defense that the Final Award bars liability on the basis of *res judicata*. But that is not what is happening, procedurally, right now. Instead, Plaintiffs are asking the Court to issue two declarations that the arbitration panel did not issue or award: (1) "Declare all five of the Retailer Agreements to have been terminated by renewal [sic] effective no later than May 8, 2018" and; (2) "Declare that all future obligations of the parties, if any, to have been [sic] terminated in all respects effective February 21, 2022." (Doc. 1 at 8.) As the authorities cited by Plaintiffs acknowledge, *res judicata* applies only where the "same

5

cause of action" is asserted in two different proceedings (and definitively ruled on in the first proceeding). Defendants have not asserted any cause of action in this proceeding at all, much less one that might give rise to a *res judicata* defense. Here, the only causes of action are Plaintiffs' claims for declaratory judgments seeking to establish, among other things, a defense to hypothetical future claims.

Second, even if Plaintiffs *were* asserting a *res judicata* defense, doing so would not provide a mechanism to avoid the obligation to arbitrate because, "[A] res judicata objection based on a prior arbitration proceeding is a legal defense that, in turn, is a component of the dispute on the merits and must be considered by the arbitrator, not the court." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1132 (9th Cir. 2000) (citing *National Union Fire Ins. Co. v. Belco Petroleum Corp.,* 88 F.3d 129 (2d Cir. 1996); *John Hancock Mutual Life Ins. Co. v. Olick,* 151 F.3d 132 (3d Cir. 1998)).

## V. THE RELIEF PLAINTIFFS SEEK IS SUBSTANTIVELY UNAVAILABLE.

Because the declaratory relief Plaintiffs request cannot be awarded by this Court, there is little reason to devote space in this brief to addressing the substantively unmeritorious nature of Plaintiffs' claims. Defendants nevertheless provide the following explanation to the Court for context.[1]

---

[1] Plaintiffs imply that there was something deceptive about Defendants filing a redacted email chain demonstrating that Plaintiffs already tried and failed to obtain the relief they now seek. (Doc. 10 at 2.) To the contrary, what Defendants attempted to do is comply with the parties' contractual agreement to a "confidential" arbitration and keep non-relevant information out of the public record. (Doc. 1-1, ¶ 3.) No portion of the email chain or any other document permits granting the requested declaratory relief.

6

Under the Retailer Agreements between the parties, Plaintiffs are liable to reimburse Defendant RbA in the event RbA is forced to incur expenses in connection with Plaintiffs' installation of products. The arbitration panel already determined in the Final Award that Plaintiffs are liable to RbA (regardless of what happened in 2018) for reimbursement of these amounts. RbA continues to incur such expenses because homeowners continue to contact RbA identifying new problems caused by Plaintiffs' installation practices. Once RbA incurs such expenses, it is incumbent upon Plaintiffs to reimburse the expenses under the terms of the Retailer Agreements. If Plaintiffs refuse to do so, the result is a breach of contract for which Plaintiffs can be held liable.

Plaintiffs' assertion that they are now immune from this liability—that liability has now been extinguished because RbA was somehow obligated to litigate the value of hypothetical future expenses that had not yet been incurred and which Plaintiffs had not yet refused to reimburse—has no legal basis. The arbitration panel did not grant this relief to Plaintiffs when it was requested the first time and there is no basis on which it could be awarded here.

## CONCLUSION

The parties agreed to resolve their disputes in arbitration. Plaintiffs' attempt to obtain declaratory judgments in their favor—just like their previous attempt to obtain court relief before Judge Gonzalez—cannot proceed forward under the terms of the arbitration clause in the agreements that the parties signed. The Court can choose to decline jurisdiction over Plaintiffs' claims for declaratory relief and dismiss them or to order a stay

of those claims pending arbitration, but what the Court *cannot* do is enter declaratory relief expanding upon the substantive award of the arbitrators.

|  |  |
|---|---|
| Dated:  April ___, 2022 | PEIFER, HANSON & MULLINS, P.A.<br><br>By:  */s/ Elizabeth K. Radosevich*<br>Elizabeth K. Radosevich<br>20 First Plaza, Suite 725<br>Albuquerque, New Mexico 87102<br>Telephone:  505 247-4800<br>Facsimile:  505-243-6458<br>eradosevich@peiferlaw.com<br><br>FOX ROTHSCHILD LLP<br><br>Aaron Mills Scott (*pro hac vice*)<br>ascott@foxrothschild.com<br>222 South Ninth Street<br>Suite 2000<br>Minneapolis, MN  55402<br>Telephone:  (612) 607-7000<br>Facsimile:  (612) 607-7100<br><br>**Attorneys For Defendants Renewal By Andersen LLC and Andersen Corporation** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11th, 2022, the foregoing Defendants' Motion to Stay Litigation Pending Arbitration was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Guy W. Bluff, Esq.
Bluff & Associates
5520 Midway Park Pl NE
Albuquerque, NM  87109
gbluff@dreamstyleUS.com

PEIFER, HANSON & MULLINS, P.A.

By: */s/ Elizabeth K. Radosevich*
       Elizabeth K. Radosevich

8

132692946.1